IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-01854-MSK-MJW

UNITED STATES FIRE INSURANCE COMPANY,
THE NORTH RIVER INSURANCE COMPANY,

    Plaintiffs,

v.

PINKARD CONSTRUCTION COMPANY,

    Defendant.

___

**OPINION AND ORDER DENYING, WITHOUT PREJUDICE, MOTION FOR SUMMARY JUDGMENT; DENYING AS MOOT MOTION TO CERTIFY QUESTION, AND STAYING ACTION**
___

    **THIS MATTER** comes before the Court pursuant to the Plaintiffs' Motion for Summary Judgment **(# 11)**, the Defendant's response **(# 37)**, and the Plaintiffs' reply **(# 55)**; the Defendant's Motion to Certify a Question of Law to the Colorado Supreme Court **(# 38)**, the Plaintiffs' response **(# 53)**, and the Defendant's reply **(# 59)**; and the Plaintiffs' Motion to Strike **(# 56)** certain evidence referenced in the Defendant's summary judgment response, the Defendant's response **(# 60)**, and the Plaintiffs' reply **(# 63)**.

    This matter concerns a claim by the Defendant, a builder of an apartment complex, against its general liability insurers, the Plaintiffs, for defense and indemnification of claims that have been brought against the Defendant alleging construction defects.

    Shortly after commencing this action, the Plaintiffs moved **(# 11)** for summary judgment, arguing that the outcome in this case was controlled by this Court's decision in *Greystone*

1

*Construction Inc. v. National Fire & Marine Ins. Co.*, 649 F.Supp.2d 1213, 1218 (D. Colo. 2009), where the Court concluded that Colorado law does not construe property damage caused by poor workmanship to constitute an "occurrence" under standard language in general liability policies. *Citing General Security Indemnity Co. of Arizona v. Mountain States Mutual Casualty Co.*, 205 P.3d 529 (Colo.App.2009). (The Court noted a corollary to the rule exists where the poor workmanship resulted in personal or property damage inflicted on a third party, rather than simply damage to the work product itself. *Id.* at 1218-19.) In response, the Defendant argues that the line of reasoning adopted in *Greystone* is incorrect, but does not directly contend that, were the Court to nevertheless follow that line of reasoning, the Plaintiffs would indeed be entitled to summary judgment.

Along with its summary judgment response, acknowledging the vigorous debate that had ensued in the wake of cases like *General Security* and *Greystone*, the Defendant requested (**# 38**) that this Court certify the legal question presented by those cases – the same legal issue presented here – to the Colorado Supreme Court pursuant to Colo. App. R. 21.1.

Separately, the Plaintiffs, arguing that the issues to be adjudicated on its summary judgment motion permitted the Court only to look to the four corners of the insurance policies at issue and the complaint filed against the Defendant in the underlying action, moved to "strike" (**# 56**) extrinsic evidence that had been attached by the Defendant it is summary judgment reply.

By Order dated June 2, 2010, the 10th Circuit Court of Appeals certified the legal question presented in the *Greystone* case[1] – the same question presented here – to the Colorado

---

[1]Specifically, the question certified by the 10th Circuit was "Is damage to non-defective portions of a structure caused by conditions resulting from a subcontractor's defective work product a covered 'occurrence' under Colorado law?" The underlying suit against the Defendant

2

Supreme Court. *See* D.C. Colo. Case No. 07-cv-00066-MSK-CBS *at docket* # 170. Because the question presented in this case has already been certified and is awaiting determination by the Colorado Supreme Court, the Defendant's request for certification is denied as moot.

The Court also denies the Plaintiffs' Motion to Strike. The Federal Rules of Civil Procedure contemplate the remedy of "striking" only with regard to pleadings – that is, complaints and answers. Fed. R. Civ. P. 12(f) ("The court may strike from a <u>pleading</u> . . . any redundant, immaterial, impertinent, or scandalous matter") (emphasis added); *see also* Fed. R. Civ. P. 7(a) (defining "pleadings"), (b) (distinguishing "motions and other papers" from "pleadings"). Thus, there is no authority for the Court having the power to "strike" irrelevant material contained in motion papers. Rather, the Court simply disregards evidence and argument that exceeds the scope of what is properly before the Court with regard to a given motion. Accordingly, the Plaintiffs' Motion to Strike is denied.

That leaves the Plaintiffs' Motion for Summary Judgment. It appears from the parties' briefing that, armed with the Colorado Supreme Court's answer to the certified question, the parties may be able to resolve this matter amongst themselves. (That is, the Defendant does not appear to readily dispute that, if the *General Security/Greystone* rule is upheld, the Plaintiffs will be entitled to summary judgment and the Plaintiffs do not appear to dispute that, if the Colorado Supreme Court reverses that rule, the Defendant will at least be entitled to some relief in the form of assumption of a duty to defend the underlying suit.) Rather than leave the Plaintiffs' motion and this case extant until such time as the Colorado Supreme Court resolves the issue, the

---

here alleges defective work by both the Defendant and its subcontractors, but the Court does not believe that the distinction is one that would materially alter the application to this case of Colorado Supreme Court's answer to the certified question.

Court will deny the Plaintiffs' Motion for Summary Judgment without prejudice and stay further proceedings in this case, pending a ruling on the certified question by the Colorado Supreme Court. If, upon receipt of such ruling and consultation about its applicability to the circumstances presented here, the parties believe that further proceedings in this case are necessary, either party may move to lift the stay and, if necessary, file a dispositive motion.

For the foregoing reasons, the Plaintiffs' Motion for Summary Judgment **(# 11)** is **DENIED** without prejudice. The Defendant's Motion to Certify a Question of Law to the Colorado Supreme Court **(# 38)** is **DENIED** as moot. The Plaintiffs' Motion to Strike **(# 56)** is **DENIED**. This action is **STAYED** pending a ruling by the Colorado Supreme Court on the question certified in the *Greystone* case, as set forth herein.

Dated this 10th day of September, 2010

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge